UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DAVID SUSTACHE-RIVERA,

　　Petitioner,

　　v.

UNITED STATES OF AMERICA,

　　Respondent.

Civil No. 14-1018 (JAF)

(Crim. No. 92-348 (JAF))

## **OPINION AND ORDER**

Petitioner, David Sustache-Rivera, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 92-348. (Docket No. 1.)

### I.

### **Background**

After a jury trial, Petitioner was found guilty for three separate charges of armed carjacking. (Crim. Docket No. 80.) Petitioner was sentenced to thirty-seven years. (Id.) Judgment was entered on September 18, 2008. (Crim. Docket No. 108.) Petitioner's convictions were affirmed on appeal. United States v. Rivera, 39 F.3d 1166 (1st Cir. 1994). On May 6, 1997, Petitioner filed his first petition under Section 2255, claiming ineffective assistance of counsel. (Civ. 97-1709, Docket No. 2.) His motion was summarily dismissed. (Civ. 97-1709, Docket No. 7.) On April 13, 1999, Petitioner filed a motion for reconsideration. This motion was denied. (Civ. 97-1709, Docket No. 8.)

Petitioner then requested from the First Circuit authorization to file a second Section 2255 petition. The First Circuit declined to grant his request. Sustache-Rivera v. United States, 221 F.3d 8 (1st Cir. 2000). On March 19, 2001, Petitioner's writ of certiorari was denied by the Supreme Court. Sustache-Rivera v. United States, 532 U.S. 924 (2001). Petitioner now files a second motion for relief under 28 U.S.C. § 2255. (Docket No. 1.) Respondent opposes. (Docket No. 3.)

## II.

## Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless she can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

### III.

### Discussion

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

Section 2255 disfavors "second or successive" habeas petitions seeking to vacate, set aside, or correct a sentence. See 28 U.S.C. § 2255; Burton v. Stewart, 549 U.S. 147, 153 (2007). A later petition that raises the same grounds as a previous petition is considered a second or successive petition. Sustache-Rivera, 221 F.3d at 12-13. We denied Petitioner's first Section 2255 motion on the merits. (Civ. 97-1709, Docket No. 6.) Therefore, Petitioner's present motion is a "second or successive" application for relief.

Before filing a second or successive motion under Section 2255, a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals ...."). The court of appeals may authorize a second or successive Section 2255 petition only if it presents a claim not previously raised, and contains either "newly discovered evidence" that establishes the defendant's innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255; Burton, 549 U.S. 152; Tyler v. Cain, 533 U.S. 656, 661-62 (2001). A district court lacks jurisdiction over a second or successive petition

1   unless the defendant obtains certification from the appropriate court of appeals.  Trenkler

2   v. United States, 536 F.3d 85, X (1st Cir. 2008).

3        Here, Petitioner neither sought nor received authorization from the First Circuit

4   Court of Appeals before filing his second motion to vacate, set aside, or correct his

5   sentence pursuant to 28 U.S.C. § 2255.  Furthermore, Petitioner provides no grounds for

6   this court to conclude that the First Circuit Court of Appeals would certify his second

7   petition.  Petitioner's reliance on Alleyne is misplaced: neither the Supreme Court nor the

8   First Circuit has held Alleyne to be retroactively applicable.  See Lassalle-Velazquez v.

9   United States, 2013 WL 4459044 (D.P.R. Aug. 16, 2013); Simpson v. United States, 721

10  F.3d 875, 2013 WL 3455876, at * 1 (7th Cir. July 10, 2013).  Therefore, this court has no

11  authority to consider Petitioner's present 2255 motion, and it must be dismissed.

12                                                      **IV.**

13                                       **Certificate of Appealability**

14
15       In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever

16  issuing a denial of § 2255 relief we must concurrently determine whether to issue a

17  certificate of appealability ("COA").  We grant a COA only upon "a substantial showing

18  of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing,

19  "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

20  assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537

21  U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  While

22  Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could

23  find our assessment of his constitutional claims debatable or wrong.  Petitioner may

24  request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure

25  22.

**V.**

**Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of February, 2014.

<pre>                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. DISTRICT JUDGE</pre>